O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.S., by and through her guardian ad litem, Esperanza Sosa, <br><br> Plaintiff, <br><br> vs. <br><br> MICHAEL J. ASTRUE, Commissioner of Social Security, <br><br> Defendant. | CASE NO. CV 09-03781 RZ <br><br> MEMORANDUM OPINION AND ORDER |

   A minor can receive Supplemental Security Income under Title XVI of the Social Security Act if the minor has a medical impairment that (1) meets one of the listings in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix I, (2) medically equals one of those listings, or (3) functionally equals one of those listings. 20 C.F.R. § 416.924(d). Appearing here through her guardian *ad litem*, Plaintiff concedes that she has no impairment that meets or medically equals one of the listings. To functionally equal one of the listings, a minor must have "extreme" limitations in one of six domains of functioning that have been identified by the Social Security Commissioner, or "marked" limitations in two of those domains. 20 C.F.R. § 416.926a(d). Plaintiff argues that the Commissioner erred in concluding that she did not meet this standard.

The Court agrees with Plaintiff as to the domain of "interacting and relating with others." The Administrative Law Judge acknowledged that a consultant found that Plaintiff had marked limitations in this area, but then the Administrative Law Judge turned around two paragraphs later and found that Plaintiff had less than marked limitation in this area. [AR 12] The only explanation the Administrative Law Judge gave for his finding, however, was that "[Plaintiff's] mother reported that outside of the home, the claimant had no friends." [*Id.*] One would think this statement from the mother would be supportive of the consultant's opinion, not a rebuttal of it; thus, in essence, the Administrative Law Judge has made a finding arbitrarily, without any identified support, despite a statutory obligation to explain his reasoning. 42 U.S.C. § 405(b)(1). The Commissioner's *post-hoc* rationalization in this Court does not save this error, for the Court can review the decision only on the basis articulated by the Administrative Law Judge. *Ceguerra v. Secretary of Health & Human Services*, 933 F.2d 735, 738 (9th Cir. 1991).

Plaintiff also asserts that the Commissioner erred in finding that she had less than marked limitations in the domain of acquiring and using information. Plaintiff complains that the Administrative Law Judge relied on the information from the consultant, even though the consultant did not assess particular domains. Plaintiff asserts that the Administrative Law Judge thus was acting as if he were a doctor. The Court finds nothing wrong with the Administrative Law Judge's reliance on the data supplied by the consultant, for the purpose of making the administrative determination of the nature of any limitations that Plaintiff might have. These are not medical determinations, as was the case in *Day v. Weinberger*, 522 F.2d 1154 (9th Cir. 1975), but determinations as to Plaintiff's ability to function, given her medical impairments. In fact, in arguing that Plaintiff has greater limitations than the Administrative Law Judge found, Plaintiff herself simply refers to other parts of the record, not the conclusions of any doctor with respect to this domain. (Plaintiff's Memorandum at 5:23-6:4.) Plaintiff has not shown any error with respect to the Administrative Law Judge's determination in this domain of functioning.

Finally, Plaintiff asserts that the Administrative Law Judge erred in finding that Plaintiff had less than marked limitations in the domain of health and physical well-being. Under the regulations, a limitation is marked when it "interferes seriously with your ability to independently initiate, sustain, or complete activities. . . . It is the equivalent of the functioning we would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean." 20 C.F.R. § 416.926a(e)(2)(1). For this particular domain of "health and physical well-being," a person also may have a marked limitation if the person is frequently ill, or has frequent exacerbation of symptoms; the regulations contain specific numbers of episodes over particular periods of time. 20 C.F.R. § 404.926a(e)(2)(iv). The regulations further give examples of the kinds of impairments that themselves functionally equal the listings within this category; these are all quite serious situations, such as a need for an organ transplant or life-sustaining device; need for 24-hour supervision; and effective ambulation possible only with obligatory bilateral upper limb assistance. 20 C.F.R. § 416.9926a(m).

Plaintiff did not have any impairment as serious as these examples, and did not have any frequent illnesses or exacerbations of symptoms that met the criteria of the regulations. Plaintiff argues, however, that her ability to independently initiate, sustain or complete activities was markedly limited, as evidenced by her school record, including the evaluations made in connection with designing an Independent Educational Program under the Individuals With Disabilities Education Act. The Administrative Law Judge's decision, however, provides little insight into how to evaluate Plaintiff's argument.

The Administrative Law Judge stated that Plaintiff was obese; had a history of hypertension and diabetes mellitus, but the diabetes was well controlled and there was no evidence of end organ damage; had a history of asthma, for which she takes Albuterol; has gastritis, colitis and hypothyroidism; and multiple somatic complaints. [AR 13] The Administrative Law Judge also stated that Plaintiff had a learning disability in reading; had depression, although she had received no psychotropic medications; and had received medication for anxiety. Finally, the Administrative Law Judge stated that he gave greater

credence to the observations of education and medical professionals than to Plaintiff's mother. [AR 13]

This is the total of the Administrative Law Judge's assessment in this domain, and from this he concluded that Plaintiff had a less than marked limitation in the domain of health and physical well-being. The problem is, however, that there is no evaluation of the evidence. The Administrative Law Judge has merely identified the impairments and reached his conclusion. He says that he prefers the opinions of educators and medical professionals but does not identify those opinions. His conclusion that "thus" there is no current impairment that might be construed as constructively equivalent to the Listings, is bare, lacking any support or explanation. It is again, for all that appears in the decision, arbitrary. And, again, the Commissioner's efforts to provide reasons to this Court, which are not part of the Administrative Law Judge's decision itself, runs counter to the teachings of the *Ceguerra* line of cases.

In at least two domains, therefore, the Administrative Law Judge has not supported his findings. If Plaintiff were to have marked limitations in just one of those, along with the marked limitations in the domain of "interacting and relating with others," she would be entitled to receive benefits. Accordingly, the matter must be returned to the Commissioner for further proceedings not inconsistent with this memorandum, to evaluate the evidence as to those domains.

IT IS SO ORDERED.

DATED: June 15, 2010

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE